MARY CURL, Appellant, *v.* JOHN FOEHLER AND LENA FOEHLER.

**Contract to Pay Money:**   REVERSION OF LAND UPON NON-PAYMENT: *Action at Law Not Maintainable on.*   Defendants executed to plaintiff an instrument, which provided that, if defendant should pay the sum of money mentioned in a note described in' the instrument, then the instrument should be wholly discharged and void, but if such sums, or any part thereof, or the interest thereon, should not be paid when due, then plaintiff should be entitled to the premises described in the instru-

ment. *Held*, that an action at law could not be maintained on such instrument, since, if defendants make default as alleged it only entitled plaintiff to the premises, and not to a money judgment.

**Pleading After Demurrer:** WHEN TO BE STRICKEN OFF ON MOTION. An amendment of the petition in the action on such instrument to which a demurrer was sustained, by adding that defendants had sold the premises without the knowledge and' consent of the plaintiff, and without notifying the parties to whom they sold of the interest and lien of the plaintiff, and that the instrument had not been recorded, is properly stricken from the files as a practical restatement of the original complaint.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, APRIL 13, 1901.

THE court sustained defendant's demurrer to plaintiff's petition and the amendments thereto, to which plaintiff excepted. Thereupon plaintiff, with leave of court, filed' an amended and substituted petition and an amendment thereto, which, on defendant's motion, were stricken from the files, and, plaintiff electing to stand upon her pleadings, judgment was rendered against her, from which she appeals.—*Affirmed.*

*John L. Benlow* for appellant.

*Herminghausen & Herminghausen* for appellee.

GIVEN, C. J.—We entirely agree with counsel that these proceedings are a "tangled skein" that is difficult to unravel. We will not attempt to set out or summarize the pleadings. It is sufficient to say that but two questions are presented. By the demurrer we have the question whether the plaintiff is entitled to recover a money judgment on the instrument sued upon, and by the motion to strike we have the question whether, in her amended and substituted petition and amendment thereto, plaintiff shows any new or additional facts entitling her to recover.

II. We first inquire as to the question raised by the demurrer, which really involves the merits of the case. Appellee insists that under the record the appellant is not entitled to a review of the ruling on the demurrer; but, as we view the question raised by the demurrer, we do not consider this contention. We think the demurrer was properly sustained. The action is upon an instrument executed by the defendants to the plaintiff on the twenty-ninth day of November, 1887, and is in all respects in the form of a mortgage upon real estate, excepting as to the proviso therein, which is as follows: "To have and to hold the same, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging or in in any wise appertaining for ever; provided always and these presents are upon this express condition that whereas said John Foehler and Lena Foehler, his wife, has this day executed and delivered one certain promissory note in writing to said party of the second part, of which the following is a true copy: 'Quenemo, Kansas, Nov. 29, 1887. On or before the 15th day of June, 1888, we promise to pay to the order of Mary During at the First National Bank of Ottawa, for value received, two hundred and fifty dollars ($250), with interest at the rate of twelve per cent. per annum. John Foehler. Lena Foehler.' Now, if said parties of the first part shall pay or cause to be paid to said party of the second part, her heirs or assigns, said sum of money in the above-decribed note mentioned, together with the interest thereon according to the terms and tenor of the same, then these presents shall be wholly discharged and void, and otherwise shall remain in full force and effect. But if said sum or sums of money, or any part thereof, or any interest therein, is not paid when the same is due; and if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable,— then the whole of said sum and sums and interest thereon

shall, and by these presents become due and payable and said party of the second part shall be entitled to the possession of said premises."

The instrument recites $250 as the consideration, and describes real estate situated in the state of Kansas.

The question is not whether a person may obligate himself for the payment of money in a mortgage, so that a money judgment may be rendered against him thereon, but it is whether, under this instrument, the defendants acknowledged an indebtedness to the plaintiff, and executed the mortgage to her as security. The conditions provided in the mortgage are that, if defendant shall pay or cause to be paid such indebtedness, "then these presents shall be wholly discharged and void," but on failure to pay " said party of the second part shall be entitled to said premises." Under these conditions, if it be true, as alleged, that the defendants have failed to pay the debt, it is the premises, not money, to which the plaintiff is entitled.

II. There was no error in sustaining the motion to strike, as the plaintiff's amended and substituted petition and the amendment thereto are but a restatement of what has been previously pleaded, with the single additional allegation that the defendant sold the premises without the knowledge or consent of the plaintiff, and without notifying the party to whom they sold the same of the interest and lien of the plaintiff, and that said mortgage had not been recorded. If the alleged fact would entitle plaintiff to a money judgment it appears that the claim was barred by the statute of limitations.—AFFIRMED.